Kirsten A. Worley, Bar No. 222513
Email: kw@wlawcorp.com
Worley Law, P.C.
4256 Sierra Vista
San Diego, CA 92103
Telephone:   (619) 550-1004
Facsimile:   (619) 550-1051

Attorneys for Plaintiff
BEAL BANK U.S.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAL BANK U.S.A., a Nevada corporation,<br><br>           Plaintiff,<br><br>v.<br><br>DAVID WEST WALKER; RAY SAIDIAN; and DOES 1 through 20, inclusive,<br><br>           Defendants. | Case No.  5:16-CV-00639<br><br>**COMPLAINT FOR BREACH OF, AND ENFORCEMENT OF GUARANTEES** |

COMES NOW, Plaintiff BEAL BANK U.S.A. ("Plaintiff") hereby alleges and complains against the Defendants as follows:

**JURISDICTION AND VENUE**

1.   This Court has diversity jurisdiction over this civil action.  These proceedings are instituted pursuant to the provisions of 28 U.S.C. § 1332 in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of fees, costs and interest, seventy-five thousand dollars ($75,000.00).

///

///

COMPLAINT

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that the Defendants reside and are domiciled in this judicial district, and their principal places of business are located in this judicial district.

**PARTIES**

3. Plaintiff is, and at all relevant times herein was, a corporation duly organized and existing under the law of the State of Nevada, with its principal place of business in Plano, Texas.

4. Upon information and belief, Defendant DAVID WEST WALKER is, and at all times herein mentioned was, a natural person who resides in and is domiciled in San Bernardino County, California.

5. Upon information and belief, Defendant RAY SAIDIAN is, and at all times herein mentioned was, a natural person who resides in and is domiciled in San Bernardino County, California.

**GENERAL ALLEGATIONS**

6. On or about December 23, 2005, 1st Centennial Bank, as lender, made a loan to Borrower The California Carpet Company, Inc. ("CCC") in the original principal amount of $225,000 (the "Loan"). The Loan was evidenced by the Promissory Note entered into by the Borrower (the "Note"), a copy of which is attached hereto as **Exhibit A**.

7. Defendants DAVID WEST WALKER and RAY SAIDIAN (collectively "Guarantors") entered into written Unconditional Guarantee agreements, collectively attached hereto as **Exhibit B** (the "Guarantees"), whereby they each agreed to unconditionally guarantee payment to the lender of all sums due under the Note.

8. The Guarantees further include broad waivers of any suretyship and guaranty rights of the Guarantors, and further waive, among other things, any right to require presentment, protest or demand upon the Borrower under the Note.

///

9. The Note was also secured by a certain Commercial Security Agreement in certain of CCC's personal property. The Note, Security Agreement, the Guarantees, and related documents are collectively referred to herein as the "Loan Documents."

10. The Borrower executed the Note in favor of 1st Centennial Bank. The Federal Deposit Insurance Corporation, as receiver for 1st Centennial Bank assigned all right, title and beneficial interest in and to the Note, the Guarantees, and Loan Documents, to Plaintiff BEAL BANK U.S.A.

11. The Note is in default based upon the Borrower's failure to pay all sums due under the Note despite demand and has therefore breached the Note.

12. Pursuant to the express terms of the Guarantees, the Guarantors unconditionally guaranteed the Borrower's indebtedness due and owing under the Note, including, without limitation, all principal, interest, fees, costs, and expenses.

13. To date, the Defendants have failed to pay all indebtedness due and owing under the Note and Guarantees.

14. All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

15. After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $213,593.16 from April 8, 2016, as well as additional interest from that date. These amounts are calculated as follows:

| | |
|---|---|
| Principal | $157,495.54 |
| Interest (through April 8, 2016) | $51,212.06 |
| Late Charges (through April 8, 2016) | $4,354.64 |
| Collection Costs (site inspections and valuation) | $530.92 |
| **Total as of April 8, 2016, subject to increase** | **$213,593.16** |
| Daily Interest Accrual (after April 8, 2016) | $23.7322047 |

16. Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantees. Pursuant to the terms of the Note and Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the Borrower owes under the Note, which the Guarantor owes under the Guarantee. Therefore, Defendants, as Guarantors, are and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## FIRST CAUSE OF ACTION
## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE
## AGAINST GUARANTOR DAVID WEST WALKER

17. Plaintiff incorporates by reference paragraphs 1 through 15 herein above as though they were set forth herein in full.

18. Guarantor DAVID WEST WALKER executed a written Guarantee, attached hereto as **Exhibit B,** in favor of 1st Centennial Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note.

19. Plaintiff is the assignee of the Guarantee.

20. The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

21. Plaintiff has made demand for payment in full under the Guarantee.

22. The Guarantor has failed to make all payments due under the Note and Guarantee.

23. All terms and conditions, if any, precedent to enforcement of the Note and Guarantee have been met or otherwise waived by the terms of the Loan Documents and operation of law.

24. After application of all applicable credits, there is owing and due under the Note and Guarantee the total amount of $213,593.16 from April 8, 2016, as well

as additional interest from that date.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $157,495.54 |
| Interest (through April 8, 2016) | $51,212.06 |
| Late Charges (through April 8, 2016) | $4,354.64 |
| Collection Costs (site inspections and valuation) | $530.92 |
| **Total as of April 8, 2016, subject to increase** | **$213,593.16** |
| Daily Interest Accrual  (after April 8, 2016) | $23.7322047 |

25. Additionally, Plaintiff has incurred attorneys' fees and costs, for which Defendant DAVID WEST WALKER is liable under the terms of the Note and Guarantee.  Pursuant to the terms of the Note and Guarantee, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantee, including to enforce the Note and Guarantee in this lawsuit, are expressly added to the amounts which the Borrower owes under the Note, and which the Guarantor owes under the Guarantee.  Therefore, Defendant DAVID WEST WALKER, as Guarantor, is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## SECOND CAUSE OF ACTION
## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE
## AGAINST GUARANTOR RAY SAIDIAN

26. Plaintiff incorporates by reference paragraphs 1 through 24 herein above as though they were set forth herein in full.

27. Guarantor RAY SAIDIAN executed a written Guarantee attached hereto as **Exhibit B** in favor of 1st Centennial Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note.

28. Plaintiff is the assignee of the Guarantee.

29. The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

30. Plaintiff has made demand for payment in full under the Guarantee.

31. The Guarantor has failed to make all payments due under the Note and Guarantee despite demand.

32. All terms and conditions, if any, precedent to enforcement of the Note and Guarantee have been met or otherwise waived by the terms of the Loan Documents and operation of law.

33. After application of all applicable credits, there is owing and due under the Note and Guarantee the total amount of $213,593.16 from April 8, 2016, as well as additional interest from that date. These amounts are calculated as follows:

| | |
|---|---|
| Principal | $157,495.54 |
| Interest (through April 8, 2016) | $51,212.06 |
| Late Charges (through April 8, 2016) | $4,354.64 |
| Collection Costs (site inspections and valuation) | $530.92 |
| **Total as of April 8, 2016, subject to increase** | **$213,593.16** |
| Daily Interest Accrual (after April 8, 2016) | $23.7322047 |

34. Additionally, Plaintiff has incurred attorneys' fees and costs, for which Defendant RAY SAIDIAN is liable under the terms of the Note and Guarantee. Pursuant to the terms of the Note and Guarantee, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantee, including to enforce the Note and Guarantee in this lawsuit, are expressly added to the amounts which the Borrower owes under the Note, and which the Guarantor owes under the Guarantee. Therefore, Defendant RAY SAIDIAN, as Guarantor, is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows on all causes of action:

A. For damages in the amount of all sums due under the Note and Guarantees, including all unpaid principal, interest, late fees, fees, costs and expenses, in a sum exceeding $213,593.16 from April 8. 2016, as well as additional

interest from that date. These amounts are calculated as follows:

| | |
|---|---:|
| Principal | $157,495.54 |
| Interest (through April 8, 2016) | $51,212.06 |
| Late Charges (through April 8, 2016) | $4,354.64 |
| Collection Costs (site inspections and valuation) | $530.92 |
| **Total as of April 8, 2016** | **$213,593.16** |
| Daily Interest Accrual  (after April 8, 2016) | $23.7322047 |

      B.    For attorneys' fees;

      C.    For costs of suit incurred herein; and

      D.    For such other and further relief as the Court may deem just and proper.

Dated:    April 6, 2016                    WORLEY LAW, P.C.

By: /s/ Kirsten A. Worley
Kirsten A. Worley
Attorney for Plaintiff
BEAL BANK U.S.A.